## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED EXPORTS SALES AND MARKETING LLC, | Case No. |
| Plaintiff, | |
| - against - | |
| FRESH RESULTS, LLC, ERIC R. CRAWFORD and DOUGLAS J. RANNO, | |
| Defendants. | |

## COMPLAINT

Plaintiff United Exports Sales and Marketing LLC ("Plaintiff" or "United"), by and through undersigned counsel, as and for its complaint against defendants Fresh Results, LLC ("Fresh Results"), Eric R. Crawford ("Crawford") and Douglas J. Ranno ("Ranno") (Fresh Results, Crawford and Ranno collectively, "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) ("PACA") and 28 U.S.C. § 1331.

2.      This Court has supplemental jurisdiction over Plaintiff's non-PACA claims pursuant to 28 U.S.C. § 1367.

3.      Venue in this district is based on 28 U.S.C. § 1391 in that some of the Defendants reside in this district and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## PARTIES

4.      Plaintiff United is a Delaware limited liability company with its principal place of business in Miami, Florida, engaged in business as a dealer of wholesale quantities of fruits and

vegetables ("Produce") in interstate commerce and was at all relevant times subject to and licensed under the provisions of PACA as a dealer, holding license number 20210923.

5.      Defendant Fresh Results is a Delaware limited liability company with its principal place of business in Sunrise, Florida, engaged in the business of buying and selling wholesale quantities of Produce in interstate commerce, and was at all relevant times subject to and licensed under PACA as a dealer, holding license number 20070652.

6.      Defendant Crawford was at all relevant times the chief executive officer and managing member of Fresh Results during the period of time in question, controlled the operations of Fresh Results and is and was in a position of control over, and participated in the dissipation of, the PACA trust assets belonging to Plaintiff.

7.      Defendant Ranno was at all relevant times the president of Fresh Results during the period of time in question, controlled the operations of Fresh Results and is and was in a position of control over, and participated in the dissipation of, the PACA trust assets belonging to Plaintiff.

## GENERAL ALLEGATIONS

8.      This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of PACA, 7 U.S.C. § 499e(c).

9.      Between March 30, 2024 and May 13, 2024, Plaintiff sold and delivered to Defendants wholesale quantities of Produce worth $2,171,408.72 that had been shipped in interstate commerce or contemplation thereof (the "Transactions").

10.     Prior to the Transactions, Defendants received or contracted to receive Produce totaling 2,000 pounds or more in weight in a single day.

11.     Prior to the Transactions, Defendants purchased more than $230,000.00 of produce in a single calendar year.

12.     Defendants have accepted all the Produce delivered by Plaintiff in connection with the Transactions, yet failed to pay for the Produce when payment was due, despite repeated demands, and presently owe Plaintiff the principal amount of $2,171,408.72.

13.     At the time of receipt of the Produce from Plaintiff, Plaintiff became a beneficiary in PACA's statutory trust designed to assure payment to Produce suppliers.  The trust consists of all Produce or Produce-related assets, including all funds commingled with funds from other sources and all assets procured with such funds, in the possession or control of Defendants since the creation of the trust.

14.     Plaintiff preserved its interest in the PACA trust in the amount of $2,171,408.72 by sending invoices to Defendants for all the Transactions which contain the statutory language required by 7 U.S.C. § 499e(c)(4).  Plaintiff remains a beneficiary of the PACA trust until full payment is made for the Produce.

15.     Defendants' failure, refusal, and inability to pay Plaintiff demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Injunctive Relief)

16.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 15 above as if fully set forth herein.

17.     Defendants' failure to make payment to Plaintiff of trust funds in the amount of $2,171,408.72 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

18.     Pursuant to PACA and the prevailing cases, Plaintiff is entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust

assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties.

**<u>AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS</u>**
(Failure to Make Prompt Payment of Trust Funds)

19.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 18 above as if fully set forth herein.

20.     Defendants received each of the Produce shipments on which this action is based.

21.     Defendants are required to promptly tender to Plaintiff full payment for those shipments pursuant to PACA.

22.     Defendants failed and refused to pay for the Produce supplied by Plaintiff within the payment terms agreed to between the Parties.

23.     As a direct and proximate result of Defendants' failure to pay promptly, Plaintiff has incurred damages in the amount of $2,171,408.72, plus interest from the date each invoice became past due, costs and attorneys' fees.

**<u>AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT CRAWFORD</u>**
(Unlawful Dissipation of Trust Assets by a Fiduciary)

24.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 23 above as if fully set forth herein.

25.     Defendant Crawford is the chief executive officer and managing member of Fresh Results who operated the company during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

26.     Defendant Crawford failed to direct Fresh Results to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiff for the Produce it supplied.

27.     Defendant Crawford knew or should have known that at all relevant times Fresh Results was in breach of the PACA trust.

28.     Defendant Crawford's failure to direct Fresh Results to maintain PACA trust assets and pay Plaintiff for the Produce it supplied was an unlawful dissipation of trust assets by a fiduciary.

29.     Defendant Crawford participated and/or facilitated the breach of the PACA trust.

30.     As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the PACA trust and has been denied payment for the Produce it supplied.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT RANNO
(Unlawful Dissipation of Trust Assets by a Fiduciary)

31.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 30 above as if fully set forth herein.

32.     Defendant Ranno is the president of Fresh Results who operated the company during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

33.     Defendant Ranno failed to direct Fresh Results to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiff for the Produce it supplied.

34.     Defendant Ranno knew or should have known that at all relevant times Fresh Results was in breach of the PACA trust.

35.     Defendant Ranno's failure to direct Fresh Results to maintain PACA trust assets and pay Plaintiff for the Produce it supplied was an unlawful dissipation of trust assets by a fiduciary.

36.     Defendant Ranno participated and/or facilitated the breach of the PACA trust.

37.     As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the PACA trust and has been denied payment for the Produce it supplied.

//

## <u>AS AND FOR A FIFTH CAUSE OF ACTION AGAINST FRESH RESULTS</u>
### (Failure to Pay For Goods Sold)

38.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 37 above as if fully set forth herein.

39.     Defendants failed and refused to pay Plaintiff the amount of $2,171,408.72 owed to Plaintiff for Produce received by Defendants from Plaintiff.

40.     As a direct and proximate result of Defendants' failure to pay promptly, Plaintiff has incurred damages in the amount of $2,171,408.72, plus interest, costs and attorneys' fees.

## <u>AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT FRESH RESULTS</u>
### (Breach of Contract)

41.     Plaintiff incorporates each and every allegation set forth in paragraph 1 to 40 above as if fully set forth herein.

42.     Fresh Results received Plaintiff's invoices without objection on or about the dates indicated on the faces of the invoices.

43.     Plaintiff's invoices to Fresh Results constitute valid and enforceable agreements between the Parties.

44.     Fresh Results breached the terms of the invoices by failing to timely remit payment for the Produce it received from Plaintiff.

45.     Plaintiff has performed all the duties, obligations and conditions precedent on its part to be performed under the invoices.

46.     As a direct and proximate result of the breach of contract by Fresh Results, Plaintiff has suffered damages in the amount of $2,171,408.72, plus interest from the date each invoice became past due, costs and attorneys' fees.

//

## AS AND FOR A SEVENTH CAUSE OF ACTION
## AGAINST DEFENDANT FRESH RESULTS
(Unjust Enrichment)

47.     Plaintiff incorporates each and every allegation set forth in paragraph 1 to 46 above as if fully set forth herein.

48.     Fresh Results received the Produce as part of the Transactions with actual knowledge that United expected to received prompt payment for the Produce.

49.     Fresh Results kept the Produce, and any income derived from the sale of the Produce, without remitting payment to United.

50.     It would be inequitable to allow Fresh Results to keep the Produce and the income derived from the sale of the Produce without remitting payment to United.

51.     If Fresh Results is permitted to retain the Produce and the income derived from the sale of the Produce without remitting payment to United, it will have been unjustly enriched to United's detriment.

52.     As a direct and proximate result of Fresh Result's retention of the Produce without remitting payment to United, Plaintiff has suffered damages in the principal amount of $2,171,408.72, plus interest from the date of each transaction, costs and attorneys' fees.

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Prejudgment Interest)

53.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 52 above as if fully set forth herein.

54.     PACA and Florida law entitles Plaintiff to recover prejudgment interest and costs incurred to collect any balance due from Defendants.

55.     Plaintiff is entitled to recover prejudgment interest from Defendants at the statutory rate established by Fla. Stat. § 55.03 from the date each invoice became due through and including the date of entry of judgment.

56.     Prejudgment interest is deemed sums owing in connection with the balance owed to Plaintiff under the PACA trust.

**WHEREFORE**, Plaintiff requests the following relief:

A.     On the first cause of action, preliminary and permanent injunction enjoining and restraining Defendants and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties;

B.     On the second cause of action, judgment against Defendants, jointly and severally, in the amount of $2,171,408.72 under the trust provisions of PACA;

C.     On the third cause of action, judgment against Crawford in the amount of $2,171,408.72 under the trust provisions of PACA;

D.     On the fourth cause of action, judgment against Ranno in the amount of $2,171,408.72 under the trust provisions of PACA;

E.     On the fifth cause of action, judgment against Fresh Results in the amount of $2,171,408.72;

F.     On the sixth cause of action, judgment against Fresh Results in the amount of $2,171,408.72;

G.     On the seventh cause of action, judgment against Fresh Results in the amount of $2,171,408.72;

H.     On the eighth cause of action, judgment against all Defendants, jointly and severally, for prejudgment interest under the trust provisions of PACA; and

I.      Such other and further relief as the Court deems just and proper.

Dated: June 24, 2024

Furr and Cohen, P.A.

By:      /s/ Marc Barmat
Marc Barmat
Florida Bar No. 0022365
One Boca Place
2255 Glades Road, Suite 419 A
Boca Raton, Florida 33431
(561) 395-0500
mbarmat@furrcohen.com

- and -

McCarron & Diess
Gregory Brown
NY Bar No. 4366498 (*pro hac vice* pending)
200 Broadhollow Road, Suite 207
Melville, New York 11747
(631) 425-8110
gbrown@mccarronlaw.com

Attorneys for Plaintiff